**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

JAMONT JOSEPH,

                                        Plaintiff,

          v.                                                    No. 12-CV-724
                                                                    (FJS/CFH)
EDWARD FAGAN, Correction Officer,
Auburn Correctional Facility,

                                        Defendant.[1]

**APPEARANCES:**                                   **OF COUNSEL:**

JAMONT JOSEPH
06-A-3514
Southport Correctional Facility
P.O. Box 2000
Pine City, NY 14871


HON. ERIC T. SCHNEIDERMAN                DOUGLAS J. GOGLIA, ESQ.
Attorney General for the                          Assistant Attorney General
   State of New York
Attorney for Defendant
The Capitol
Albany, New York 12224-0341

**CHRISTIAN F. HUMMEL**
**U.S. MAGISTRATE JUDGE**

### REPORT-RECOMMENDATION AND ORDER[2]

     Plaintiff pro se Jamont Joseph ("Joseph"), an inmate currently in the custody of the New

York State Department of Correctional and Community Supervision ("DOCCS"), brings this

---

     [1] By Memorandum-Decision and Order, the Court dismissed defendants Brian
Chuttey and Harold Graham from this action.  Dkt. No. 7 at 11.

     [2] This matter was referred to the undersigned for report and recommendation
pursuant to 28 U.S.C. § 636(b) and N.D.N.Y.L.R. 72.3(c).

action pursuant to 42 U.S.C. § 1983 alleging that Edward Fagan, a correction officer at Auburn Correctional Facility ("Auburn"), violated his right to be free of excessive force under the Eighth Amendment.[3]  Compl. (Dkt. No. 1).  Presently pending is defendants' motion for summary judgment pursuant to Fed. R. Civ. P. 56.  Dkt. No. 18.  Jones has not opposed the motion.  For the following reasons, it is recommended that defendants' motion be granted.

## I.  Failure to Respond

Joseph did not oppose defendant's motion although he was granted an extension of time to do so.  See Text Order dated 1/31/2013.  "Summary judgment should not be entered by default against a pro se plaintiff who has not been given any notice that failure to respond will be deemed a default."  Champion v. Artuz, 76 F.3d 483, 486 (2d Cir. 1996).  Defendants provided notice in their motion papers as required by the Second Circuit and as normally done by the office of defendants' counsel.  Dkt. No. 18-1.  Further, the Court provided such notice by mail.  Dkt. No. 19-1.  Despite both the notice and the extension of time, Joseph failed to respond.

"The fact that there has been no response to a summary judgment motion does not . . . mean that the motion is to be granted automatically."  Champion, 76 F.3d at 486.  Even in the absence of a response, defendants are entitled to judgment only if the material facts demonstrate their entitlement to judgment as a matter of law.  Id.; FED. R. CIV. P. 56(c).  "A verified complaint is to be treated as an affidavit . . . and therefore will be considered in

_____

[3]  By Memorandum-Decision and Order, the Court dismissed all of Joseph's claims except for the excessive force claim against defendant Fagan.  Dkt. No. 7.

2

determining whether material issues of fact exist . . . ." Colon v. Coughlin, 58 F.3d 865, 872 (2d Cir. 1995) (citations omitted).  The facts set forth in defendants' Rule 7.1 Statement of Material Facts (Dkt. No. 18-2) [hereinafter "Defs.' Statement"] are accepted as true as to those facts that are not disputed in Joseph's amended complaint.  N.D.N.Y.L.R. 7.1(a)(3) ("The Court shall deem admitted any properly supported facts set forth in the Statement of Facts that the opposing party does not specifically controvert.") (emphasis omitted).

## II.  Background

On November 25, 2011, while Fagan was returning a laundry bag through the feed-up hatch to Joseph's cell, Joseph reached out his right hand to remove a sign that was hanging above the hatch.[4]  Defs.' Statement ¶ 9.  At that moment, Joseph alleged that Fagan grabbed his hand and twisted it.  Compl. at 5; Joseph Dep. (Dkt. No. 18) at 22. Joseph contends he used his left hand to free his right hand but in doing so, the feed-up hatch dropped on his right wrist.  Compl. at 5.  Joseph alleged that Fagan then pushed the hatch down to squeeze his right wrist under it.  Id.

Fagan issued Joseph a misbehavior report, charging him with refusing a direct order, interfering with staff, and assaulting staff.  Defs.' Statement ¶ 14.  Specifically, Fagan

---

[4]  Joseph alleged that the sign stated, "[t]his hatch must be locked at all times, and this inmate gets 'Nothing.'" Compl. at 5.  Joseph claims that "[t]he word 'Nothing' was underline[d] to indicate the harassment directed towards [him]." Id.  Joseph has been previously ordered to keep his feed-up hatch closed as he was "fishing," which is when inmates exchange items with each other.  Joseph Dep. at 17–18.  Joseph has also been found guilty of a number of prison violations such as creating disturbances, refusing direct orders, carrying out violent conduct, threatening staff, harassing employees, assaulting staff, possessing contraband, making an unauthorized exchange, and engaging in unhygienic acts.  Defs.' Statement ¶ 3; Dkt. No. 18-6.

charged Joseph with scratching him and attempting to grab his arm. Dkt. No. 18-7 at 11. Fagan "let up on the hatch and gave [Joseph] several direct orders to pull his hands into the cell." Id. Joseph eventually followed the orders and Fagan locked the hatch. Id.

A video recording of the exchange shows that Fagan approached a cell door, presumably Joseph's, with a bag in his hand. Video (Ex. D attached to Dkt. No. 18-9) at 9:06:56. From that point, Fagan left his right hand in the cell for approximately ten seconds. Id. at 9:06:56–07:07. Fagan's right hand then snapped away from the door and Joseph's arm reached out of the cell. Id. at 9:07:10. Subsequently, for at least four times, Fagan ordered Joseph to take his hand out of the hatch. Id. at 9:07:14–26. Fagan then left Joseph's cell. Id. at 9:07:27. Joseph conceded that Fagan gave him a direct order. Joseph Decl. at 31.

Joseph was found guilty of all charges except for assaulting Fagan. Defs.' Statement ¶ 15; Dkt. No. 18-7 at 12. The hearing officer for the disciplinary hearing noted that the sign was posted "to remind all staff to lock [Joseph's] cell hatch as [Joseph] opens it without authorization."[5] Defs.' Statement ¶ 16; Dkt. No. 18-7 at 13. The hearing officer found that Joseph did not assault Fagan as the video of the incident showed that the contact was inadvertent when both parties simultaneously reached for something. Defs.' Statement ¶ 17; Dkt. No. 18-7 at 13. Fagan testified that he reached out to stop Joseph from removing a sign. Defs.' Statement ¶ 17; Dkt. No. 18-7 at 13.

Following the incident, a nurse examined Joseph, who noted that Joseph had pain in his right wrist, detected no swelling, moved Joseph's wrist in all directions, and noted that

---

[5] Joseph has been previously ordered to keep his feed-up hatch closed as he was "fishing," which is when inmates exchange items with each other. Joseph Dep. at 17–18.

4

Joseph had a strong grip.  Defs.' Statement ¶¶ 11–12; Dkt. No. 18-7 at 24.  The nurse

concluded Joseph did not require medication.  Defs.' Statement ¶ 13; Dkt. No. 18-7 at 24;

Joseph Dep. at 21–22.  However, Joseph maintains that he was given Motrin to assist with

the pain relief.  Joseph Decl. at 25.


## III.  Discussion

Joseph asserts that Fagan used excessive force against him when he was attempting to

remove the sign posted on his cell door; thereby, infringing upon his Eighth Amendment

rights.  Fagan argues that this claim is without merit and the complaint should be dismissed.


## A.  Legal Standard

A motion for summary judgment may be granted if there is no genuine issue as to any

material fact if supported by affidavits or other suitable evidence and the moving party is

entitled to judgment as a matter of law.  The moving party has the burden to show the

absence of disputed material facts by informing the court of portions of pleadings,

depositions, and affidavits which support the motion.  FED. R. CIV. P. 56(c); Celotex Corp. v.

Catrett, 477 U.S. 317, 323 (1986).  Facts are material if they may affect the outcome of the

case as determined by substantive law.  Anderson v. Liberty Lobby, 477 U.S. 242, 248

(1986).  All ambiguities are resolved and all reasonable inferences are drawn in favor of the

non-moving party.  Skubel v. Fuoroli, 113 F.3d 330, 334 (2d Cir. 1997).

The party opposing the motion must set forth facts showing that there is a genuine issue

for trial.  The non-moving party must do more than merely show that there is some doubt or

speculation as to the true nature of the facts.  Matsushita Elec. Indus. Co. v. Zenith Radio

Corp., 475 U.S. 574, 586 (1986). It must be apparent that no rational finder of fact could find in favor of the non-moving party for a court to grant a motion for summary judgment. Gallo v. Prudential Residential Servs. 22 F.3d 1219, 1223–24 (2d Cir. 1994); Graham v. Lewinski, 848 F.2d 342, 344 (2d Cir. 1988).

When, as here, a party seeks judgment against a pro se litigant, a court must afford the non-movant special solicitude. See Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 477 (2d Cir. 2006). As the Second Circuit has stated,

> [t]here are many cases in which we have said that a pro se litigant is entitled to "special solicitude," . . . that a pro se litigant's submissions must be construed "liberally,". . . and that such submissions must be read to raise the strongest arguments that they "suggest," . . . . At the same time, our cases have also indicated that we cannot read into pro se submissions claims that are not "consistent" with the pro se litigant's allegations, . . . or arguments that the submissions themselves do not "suggest," . . . that we should not "excuse frivolous or vexatious filings by pro se litigants," . . . and that pro se status "does not exempt a party from compliance with relevant rules of procedural and substantive law . . . ."

Id. (citations and footnote omitted); see also Sealed Plaintiff v. Sealed Defendant #1, 537 F.3d 185, 191–92 (2d Cir. 2008) ("On occasions too numerous to count, we have reminded district courts that 'when [a] plaintiff proceeds pro se, . . . a court is obliged to construe his pleadings liberally.'" (citations omitted)). However, the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion; the requirement is that there be no genuine issue of material fact. Anderson, 477 U.S. at 247–48.

6

**B. Excessive Force**

Inmates enjoy an Eighth Amendment protection against the use of excessive force and may recover damages for its violation under § 1983. Hudson v. McMillian, 503 U.S. 1, 9–10 (1992). The Eighth Amendment's prohibition against cruel and unusual punishment precludes the "unnecessary and wanton infliction of pain." Gregg v. Georgia, 428 U.S. 153, 173 (1976); Sims v. Artuz, 230 F.3d 14, 20 (2d Cir. 2000). To bring a claim of excessive force under the Eighth Amendment, a plaintiff must establish both objective and subjective elements. Blyden v. Mancusi, 186 F.3d 252, 262 (2d Cir. 1999).

The objective element is "responsive to contemporary standards of decency" and requires a showing that "the injury actually inflicted is sufficiently serious to warrant Eighth Amendment protection." Hudson, 503 U.S. at 9 (internal citations omitted); Blyden, 186 F.3d at 262. However, "the malicious use of force to cause harm constitute[s] [an] Eighth Amendment violation per se" regardless of the seriousness of the injuries. Blyden, 186 F.3d at 263 (citing Hudson, 503 U.S. at 9). "The Eighth Amendment's prohibition of 'cruel and unusual' punishments necessarily excludes from constitutional recognition de minimis uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind." Hudson, 503 U.S. at 9–10 (citations omitted). "'Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates a prisoner's constitutional rights.'" Sims, 230 F.3d at 22 (citation omitted).

The subjective element requires a plaintiff to demonstrate the "necessary level of culpability, shown by actions characterized by wantonness." Id. at 21 (citation omitted). The wantonness inquiry "turns on 'whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm.'" Id. (quoting

Hudson, 503 U.S. at 7).  In determining whether defendants acted in a malicious or wanton manner, the Second Circuit has identified five factors to consider:  "the extent of the injury and the mental state of the defendant[;] . . . the need for the application of force; the correlation between that need and the amount of force used; the threat reasonably perceived by the defendants; and any efforts made by the defendants to temper the severity of a forceful response."  Scott v. Coughlin, 344 F.3d 282, 291 (2d Cir. 2003) (internal quotation marks and citations omitted).

In this case, Joseph's excessive claim must fail as a matter of law.  Joseph required Motrin to treat pain in his wrist.  However, a nurse concluded that Joseph's wrist was not swollen, could move in all directions, and sustained a strong grip.  Such injuries are de minimis and not sufficiently serious to satisfy the objective element.  See, e.g., Wesson v. Oglesby, 910 F.2d 278, 284 (5th Cir. 1990) (an inmate's swollen and bleeding wrists resulting from handcuffing were not sufficiently serious injuries); Sonds v. Barnabas Hosp. Corr. Health Servs., 151 F. Supp. 2d 303, 311 (S.D.N.Y. 2001) (collecting cases) (discussing that a finger that bled, was broken, or had skin ripped off do not qualify as an a sufficiently serious injury).  Thus, Joseph has failed to satisfy the objective element.

A de minimis injury may still survive summary judgment if there was a malicious use of excessive force.  Blyden, 186 F.3d at 263.  Maliciousness is determined by the five factor test enumerated above, in Scott.  Nevertheless, the record evidence does not show that Fagan acted with malice for the conduct at issue.

All five factors militate in favor of Fagan.  As previously discussed, Joseph's injuries are de minimis.  Further, Joseph admits that Fagan's alleged use of force was prompted by his own attempt to reach out his cell and remove a sign and was in direct violation of Fagan's

orders to keep his hands in the cell. Fagan also testified to the same. Fagan's reaction was reasonable because the sign prohibited the hatch from being left open without authorization, which was necessary to insure the safety of other officers and compliance with facility regulations given Joseph's admitted history of disciplinary infractions. Therefore, a reasonable factfinder would conclude that Fagan's actions would have been necessary to enforce prison discipline and maintain a safe prison environment.

The force used was directly proportional to quickly and safely achieve Fagan's intended goals. The entire encounter was brief, lasting only seconds, just long enough to insure that Joseph's hands remained in his cell and the hatch was properly closed and secured for the reasons stated above. This brevity, in conjunction with certain record evidence also shows the absence of maliciousness on Fagan's part. The video indicates that the use of force incident lasted approximately twelve seconds. The video does not show Fagan pushing down on anything on the cell door. Rather, Fagan's right arm snapped back quickly, consistent with Fagan's report that he had "let up on the hatch." Fagan had to further order Joseph four times to pull his hands back into the cell. More importantly, in his complaint and deposition, Joseph did not offer facts supporting how Fagan was malicious or wanton during the use of force incident. In short, the record evidence does not support Joseph's allegation that Fagan pushed down the hatch on his wrist. Had Joseph complied with these orders, no force would have been required. While it is unclear whether Fagan twisted Joseph's hand, or if the hatch hit Joseph's wrist when it was let down, based on the record evidence, a reasonable factfinder would not conclude that Fagan acted with malice or wantonness.

Accordingly, defendants' motion on this ground should be granted.

9

## IV.  Conclusion

For the reasons stated above, it is hereby **RECOMMENDED** that defendant's motion for summary judgment (Dkt. No. 18) be **GRANTED** and that judgment be entered in favor of the defendant and Joseph's complaint be **DISMISSED** (Dkt. No. 1) with prejudice.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW.**  Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993); Small v. Sec'y of HHS, 892 F.2d 15 (2d Cir. 1989); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e).


Dated:  March 21, 2013
        Albany, New York

Christian F. Hummel
U.S. Magistrate Judge